**In re Robert M. ZWEIMAN**

**No. 01–1131.**

United States Court of Appeals,
Federal Circuit.

Dec. 5, 2001.

Rehearing Denied Feb. 1, 2002.

Before MAYER, Chief Judge, LOURIE, and SCHALL, Circuit Judges.

DECISION

SCHALL, Circuit Judge.

Robert M. Zweiman appeals from the decision of the United States Patent and Trademark Office Board of Patent Appeals and Interferences ("Board") affirming the examiner's rejection of claims 1 through 13 of Zweiman's patent application, Serial No. 08/876,348, as obvious. *Ex parte Zweiman*, No.1999–2554 (Bd. Pat. Ap. & Int. Sep. 21, 2000). Because substantial evidence supports the Board's underlying findings of fact and because the ultimate conclusion of obviousness based on those findings is not erroneous, we *affirm*.

DISCUSSION

I.

Zweiman's patent application is directed to a vibratory massaging device which is attached around a portion of a user's body and controlled by a wireless remote control means. Claim 1 reads as follows:

1. A massaging device adapted for use both under and over clothing, comprising:

    means for vibrating;

    attachment means for supporting the vibrating means around a portion of a body and both under and over clothing; and

    remote control means detached from and in wireless communication with said vibrating means, wherein said remote control means and said vibrating means are unattached so that operation of said vibrating means is independent of relative position of said remote control means, whereby when said vibrating means is supported by said attachment means under clothing, said clothing defines a wall separating said vibrating means and said control means.

Zweiman did not argue claims 2–13 separately to the Board or in this appeal. All the claims therefore stand or fall with representative claim 1. *See In re Dance*, 160 F.3d 1339, 1340 n. 2, 48 USPQ2d 1635, 1636 n. 2 (Fed.Cir.1998).

The Examiner and the Board, in rejecting claim 1, relied upon (i) U.S. Patent No. 5,545,125 to Tseng; and (ii) U.S. Patent No. 4,412,535 to Teren. U.S. Patent No. 5,545,125 to Tseng describes a massaging device comprising a waistband belt containing from two to sixteen vibrating devices, such as motors. The belt can be wrapped around the user, and the motors are controlled by a control box. Wiring connects the motor assemblies to the control box, which is also connected to a power source.

U.S. Patent No. 4,412,535 to Teren discloses a remote-controlled massaging apparatus which consists of a self-propelled vehicular unit of a size sufficiently small to be transported across a body surface area to be massaged, including a drive means for propelling the unit while imparting a massaging action. The Teren patent discloses a radio control receiver and a remotely located transmitter for generating signals to operate the vehicular unit.

The Board found that one of ordinary skill in the art would have found it obvious to modify the Tseng massager by substituting the wireless remote control means of Teren for the wiring utilized by Tseng. Specifically, the Board found: "Suggestion for such is found in the explicit teaching of Teren that this facilitates operation of the massager by the user when it is located in areas inaccessible to the user, as well as the self-evident advantages of providing means for remotely controlling the operation of the apparatus, which would have been known to the artisan. In this regard, we point out that [Zweiman] has acknowledged [in his patent application specification] that the use of remote control means are known to operate such devices as garage door openers and automobile door locks." *Ex parte Zweiman*, slip op. at 5.

## II.

Whether a claimed invention is unpatentable as obvious under 35 U.S.C. § 103 is a question of law based on underlying findings of fact. *In re Gartside*, 203 F.3d 1305, 1316, 53 USPQ2d 1769, 1776 (Fed. Cir.2000). The underlying factual inquiries include: (1) the scope and content of the prior art; (2) the level of ordinary skill in the prior art; and (3) the differences between the claimed invention and the prior art. *Graham v. John Deere Co.*, 383 U.S. 1, 17–18, 86 S.Ct. 684, 15 L.Ed.2d 545, 148 USPQ 459, 460 (1966). What the prior art teaches and whether it teaches toward or away from the claimed invention also is a determination of fact. *Para–Ordnance Mfg. v. SGS Importers Int'l*, 73 F.3d 1085, 1088, 37 USPQ2d 1237, 1239 (Fed.Cir. 1995). Similarly, whether a person of ordinary skill would have been motivated to combine prior art disclosures is also a

question of fact. *In re Gartside*, 203 F.3d at 1316, 53 USPQ2d at 1776.

On appeal, the Board's ultimate determination of obviousness is reviewed *de novo*, but the Board's underlying factual findings are reviewed for substantial evidence. *Gartside*, 203 F.3d at 1316, 53 USPQ2d at 1776. Substantial evidence "is something less than the weight of the evidence but more than a mere scintilla of evidence," *In re Kotzab*, 217 F.3d 1365, 1369, 55 USPQ2d 1313, 1316 (Fed.Cir.2000) (citation omitted), and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938).

Zweiman contends that the Board incorrectly concluded that there was a motivation to combine the Teren and Tseng references. Specifically, Zweiman argues that (i) the Tseng patent does not disclose the use of a massaging device under clothing, which would provide the incentive to use wireless communication; and (ii) the Teren patent does not provide any incentive to modify the Tseng device to substitute a wireless remote connection for the wire connection. We disagree.

A suggestion, teaching, or motivation to combine prior art references may come from the "prior art references themselves, the knowledge of one of ordinary skill in the art, or, in some cases, from the nature of the problem to be solved." *Brown & Williamson Tobacco Corp. v. Philip Morris Inc.*, 229 F.3d 1120, 1125, 56 USPQ2d 1456 (Fed.Cir.2000). However, the suggestion more often comes from the teachings of the pertinent references. *Id.* This showing must be clear and particular, and broad conclusory statements about the teaching of multiple references, standing alone, are not evidence. *Id.* However, the suggestion to combine need not be express and may come from the prior art, as filtered through the knowledge of one skilled in the art. *Id.*

We find that the Board's finding of a motivation to combine is supported by substantial evidence. Such motivation is present here because the Teren patent expressly teaches: "It is therefore a primary object of the present invention to provide a remotely controlled massaging unit fully controllable by the user." Teren, col. 2., II. 12–14. Teren further teaches that remote controlled operation facilitates operation of the massager by a user when it is located in areas inaccessible to the user. Teren, col. 1, II. 38–40, 60–65. Moreover, Zweiman's specification cites eighteen prior art patents relating to remote control garage door openers and automobile door locks, supporting the Board's conclusion that one skilled in the art would have been aware of the vast use of remote control means in situations where it is desirable to control operation of a device by wireless means.

Zweiman argues that remote control garage door openers and automobile door locks are non-analogous art. We disagree. Remote control garage door openers and automobile door locks are "reasonably pertinent to the particular problem with which the inventor is involved," *In re Paulsen*, 30 F.3d 1475, 1481–1482, 31 USPQ2d 1671, 1675–76 (Fed.Cir.1994)(holding that hinges for washing machines and kitchen cabinets are pertinent art for obviousness rejection of claim pertaining to desktop computer housing), and such devices are therefore analogous art. In any event, we note that the Teren reference by itself provides substantial evidence to support the Board's finding of a motivation to combine the references.

Zweiman next argues that the Board incorrectly concluded that "although not explicitly stated, we share the examiner's view that the [Tseng] massager belt . . . is

capable of being worn both under and over clothing." *Ex parte Zweiman,* slip op. at 4. Zweiman contends that the Tseng device is not capable of being worn under clothing because of the wire connected between the Tseng belt and controller. We agree with the examiner that "[t]he massager of Tseng is capable of being placed under clothing. A large sweatshirt could be placed over the torso covering up the belt as the patient is using the device. Since the prior art is capable of being placed underneath clothing then it appears to comprehend the invention as claimed ... There appears to be nothing in Tseng which would prevent large baggy clothes or sweats which could cover up the device. The Tseng device is intended to be placed about the torso of the body and does not present any obtrusive elements."

Zweiman also argues that various limitations of claim 1 are missing from either the Teren or Tseng reference. Specifically, Zweiman contends that (i) Tseng does not disclose a vibrating means which is independent of the relative position of the remote control means, again noting that a wire connects them; (ii) Teren does not disclose a device that can be used over or under clothing; and (iii) Teren does not disclose a device capable of being supported around any portion of a user's body.

Zweiman's argument is misplaced because the final rejection was based on obviousness, not anticipation under 35 U.S.C. § 102(b). It is not necessary in an obviousness rejection that all the limitations of an applicant's claim appear in a single reference. The combination of Tseng and Teren teaches the elements of a vibrating means independent and remote from the control means.

Zweiman further argues that the Board failed to consider and apply the four factual inquiries regarding obviousness identified in *Graham v. John Deere Co.,* 383

U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545, 148 USPQ 459 (1966). However, we find that the Board properly and adequately considered (1) the scope and content of the prior art; (2) the level of ordinary skill in the art; and (3) the differences between the claimed invention and the prior art. Zweiman failed to present any evidence of (4) secondary considerations of nonobviousness, and hence there was no occasion to evaluate those considerations.

For the foregoing reasons, the final decision of the Board is affirmed.

No costs.